NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3794
_____

UNITED STATES OF AMERICA

v.

RYLAND GRIZZLE RODRIGUEZ,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 2-09-cr-00679-002)
Honorable Susan D. Wigenton, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
June 24, 2011

BEFORE:  HARDIMAN, VANASKIE, and GREENBERG, Circuit Judges

(Filed: June 28,  2011)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on an appeal from a judgment of sentence

and conviction entered on August 20, 2010, pursuant to a plea agreement set forth in a

letter dated September 30, 2009, from assistant United States attorney Brooke E. Carey to

Cathy L. Waldor, attorney for appellant Ryland Grizzle Rodriguez, specifying the terms of the plea agreement. Rodriguez and Waldor agreed to and accepted the plea agreement by executing their written consents on October 30, 2009. The plea agreement followed the return of an indictment against Rodriguez charging him with conspiracy to distribute and possess 500 grams or more of cocaine pursuant to 21 U.S.C. § 846. The District Court calculated Rodriguez's total offense level as 23 and his criminal history category as V, yielding a sentencing range 84 to 105 months. In fact, the Court sentenced Rodriguez to a 96-month term of incarceration to be followed by a five-year term of supervised release. The Court, however, did not impose a fine. After the District Court entered its sentence Rodriguez appealed.

We note at the outset that the plea agreement provided that Rodriguez waived his right to appeal from the calculation of his total offense level if the District Court calculated it as 23 or below but that he did not waive his right to challenge the District Court's calculation of his criminal history category. Nevertheless, Rodriguez has filed a pro se brief challenging the Court's calculation of both his total offense level and his criminal history category. But the Government does not in its brief argue that we should not consider Rodriguez's challenge to his sentencing level and we have considered all of his arguments.

After Rodriguez filed his notice of appeal pro se we entered an order on September 21, 2010, appointing Waldor as Rodriguez's CJA counsel, continuing an appointment the District Court had made. Waldor, however, has filed a motion and a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), seeking our

2

permission to withdraw as attorney for Rodriguez and indicating that her "review of the record . . . disclosed [that there were] no non-frivolous issues for appeal . . . ." Appellant's br. at 3. On February 2, 2011, the Clerk referred the motion to the merits panel and advised Rodriguez that he could file a pro se brief on the merits of the case and, as we indicated above, he has filed that brief. The Government filed its brief after Rodriguez filed his brief and the Government's brief therefore addresses both Rodriguez's counseled and pro se briefs. Not surprisingly, the Government contends that all issues that Waldor and Rodriguez acting pro se have raised "lack any basis in law or fact, and are thus frivolous." Appellee's br. at 2. After our review of this matter we agree with the Government as we are satisfied that the contentions which both Waldor and Rodriguez advance are frivolous.

For the foregoing reasons we will grant Waldor's motion to withdraw as attorney for Rodriguez and will affirm the judgment of conviction and sentence entered on August 20, 2010.